CASE 37—PETITION ORDINARY—JANUARY 20.

3bu 121<br>126 757

# Morehead vs. Eades,

APPEAL FROM MUHLENBURG CIRCUIT COURT.

1. A positive assurance and assertion by the vendor "that the cost and carriage of the lot of goods constituting a retail store, amounted to three thousand five hundred dollars," might amount to a constructive warranty. *Caveat emptor* does not apply in such a case.

2. When a confiding vendee had no fitting or reasonable opportunity to examine sufficiently for himself the lot of goods constituting a retail store, and decide on his own judgment, a positive assurance and assertion by the vendor "that the cost and carriage of the goods amounted to three thousand five hundred dollars," when, as afterwards ascertained, the total value did not exceed two thousand dollars, *such assurance and assertion, according to the circumstances, may be either actually or constructively fraudulent.* When the vendor knew or believed that it was not true, the affirmation was actually fraudulent; and even if he believed it to be true, it might be constructively fraudulent; for, unless he knew it to be true, his duty was, in good faith, to express candidly his mere opinion, which ought not to disarm the vendee or lull his prudent vigilance, and on which opinion he therefore acts at his peril, and, therefore, a positive affirmation, if untrue, was both reckless and deceptive.

H. G. Petree,                                    For Appellant,
                    CITED—

2 *Bibb*, 602; *Moore vs. Tuberville.*

2 *Iredell*, 32; *Saunders vs. Hatterman.*

1 *Dev.*, 69; *Farrer vs. Alston.*

34 *Penn.*, 365; *Falton vs. Hood.*

2 *Kent's Com.*, p. 485.

2 *Parsons on Contracts*, p. 778.

1 *Hilliard on Torts*, p. 17.

1 *Dana*, 611; *Marshall vs. Peck.*

2 *Duvall*, 156; *Warren vs. Baker.*

15 *B. Mon.*, 517.

CHARLES EAVES,                                   For Appellee.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

In this action by the appellee against the appellant for imputed fraud in falsely affirming that a lot of goods constituting a retail store kept by him, and sold to the appellee at cost and carriage, amounted, at that rate, to three thousand five hundred dollars, when, as afterwards ascertained, the total value did not exceed two thousand dollars, the appellee recovered a judgment for six hundred dollars damages.

The controlling questions for consideration on this appeal from that judgment are—1st. Whether the evidence authorized the verdict; and, 2d. Whether the circuit court erred in either giving or withholding instructions.

An analysis of the testimony leads to the conclusion, that however the facts may have preponderated, the jury had a right, rationally and consistently, to decide that the affirmation, as charged in the petition, was positively made, and not expressed or understood as a mere opinion candidly entertained. The evidence also proved that the affirmation was essentially untrue, and

authorized the deduction also that the appellant, when he made it, knew that the goods, at cost and carriage, did not amount to threè thousand five hundred dollars, and probably did not, at the utmost, reach that sum more nearly than two thousand five hundred dollars.

On such deductions the verdict was less than it might rightfully have been; for this is not of that class of cases in which a buyer ought not to trust the vendor's representation, but ought to have examined and ascertained for himself, in which species of cases *caveat emptor* applies. The cost and carriage of such a lot of goods could not have been ascertained by the appellee without a thorough invoice and special measurement, which would have been inconvenient and dilatory; and the appellant being presumed to know the nearly approximate amount, the appellee might prudently trust to his affirmation of it as sufficiently accurate, without suffering loss by the application of the wholesome maxim, "*vigilantibus non dormientibus jura subveniunt;*" and the jury had a right to presume from the facts that the appellant intended, and the appellee understood, the unqualified affirmation as an assurance of the substantial truth, and that, on his faith in it, the appellee forbore the tedious experiment of a minute and prolonged scrutiny.

Such an affirmation, so intended and so understood and accredited; might amount to a constructive warranty; and when a confiding vendee had no fitting or reasonable opportunity to examine sufficiently for himself, and decide on his own judgment, such a positive and assuring assertion by the vendor may also, according to circumstances, be either actually or constructively fraudulent. When the vendor knew or believed that it was not true, the affirmation was actually fraudulent; and even if he believed it to be true, it might be constructively fraudu-

lent; for, unless he knew it to be true, his duty was, in good faith, to express candidly his mere *opinion*, which ought not to disarm the vendee or lull his prudent vigilance, and on which opinion he therefore acts at his peril; and, therefore, a positive affirmation, if untrue, was both reckless and deceptive.

Tested by this principle and the foregoing authorized deductions from the testimony, there was no essential error to the appellant's prejudice in either giving or withholding instructions on the trial. The instructions given for the appellee were less favorable to him than he might rightfully have asked; and those given for the appellant were more favorable to him than he had a right to expect; and the amount of the verdict was less than the jury might reasonably have assessed.

Wherefore, the judgment is affirmed.