# MARTIN KNOPFLER v. JOHN F. FLYNN.[1]

## January 12, 1917.

## Nos. 19,973—(123).

**Exchange of property — invoice value of goods — meaning of phrase.**

1. Plaintiff represented that a stock of goods which he offered in exchange for other property was of the invoice value of $12,000. It is held, that the expression "invoice value" should be construed as having reference to the cost price for which the seller invoiced the goods to the purchaser, and not to their actual value.

**False representation one of fact, not of opinion.**

2. The representation was one of fact, not mere opinion upon the question of value, and its falsity constituted actionable fraud.

**Discovery of falsity after acceptance of goods.**

3. The falsity of the representation was not discovered until after the acceptance of the goods; such acceptance did not therefore bar a claim for relief from the fraud.

**Evidence — inventory of goods admissible.**

4. An inventory or list of the goods taken in the manner stated in the opinion soon after the delivery and acceptance of the same, *held*, following Itasca Cedar & Tie Co v. McKinley, 124 Minn. 183, properly received in evidence.

**Evidence — proof of cost price.**

5. The invoice or cost price of the goods *held* sufficiently established by competent evidence.

**Finding — admission of evidence.**

6. The evidence sustains the findings of the trial court, and there were no errors in the admission or exclusion of evidence.

Action in the district court for Nobles county to enforce specific performance of an agreement to exchange property, and to recover $2,000 damages for withholding the property. The facts are stated in the opinion. The case was tried before Nelson, J., who when plaintiff rested denied defendant's motion to dismiss the action, made findings and or-

[1]Reported in 160 N. W. 860.

dered judgment in favor of defendant for $3,119.13. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*Kerr, Fowler, Schmitt & Furber* and *Paul C. Cooper,* for appellant.

*J. A. Town* and *J. A. Cashel,* for respondent.

BROWN, C. J.

Plaintiff was the owner of certain farm land in Martin county, this state, and of a retail stock of hardware at Arcola, in the state of Illinois. Defendant was the owner of certain farm land situated in the county of Nobles. On December 30, 1913, the parties entered into an executory contract for the exchange of properties; defendant thereby agreeing to convey his Nobles county land to plaintiff in exchange for a conveyance of plaintiff's Martin county land and the Arcola stock of hardware. This stock was represented by plaintiff as of the invoice value of $12,000, and it was taken in the transaction at that value. The contract was in writing, fully expressed the obligations of the parties and was in all things valid and binding upon each. By the terms thereof defendant was required to take possession of the goods on or before the fifteenth day of January, 1914; but an exchange of deeds was not to take place until abstracts were prepared, and March 1, 1914, was fixed as the date for the final completion of the transaction. Defendant accepted the goods before January 15, as required by the contract, and made a sale thereof to one Thier, to whom plaintiff surrendered possession. Soon after Thier so became the owner, and after taking possession of the goods, he made claim that the value thereof was much less than plaintiff had represented, and so informed defendant and also plaintiff. Plaintiff insisted that defendant had by the contract taken the goods at the valuation of $12,000, and that he was bound thereby; saying that defendant could take them at that figure or reject them. This raised an issue between the parties, and, not being settled, prevented a performance of the contract by the exchange of deeds.

Thereafter plaintiff brought this action for specific performance. Defendant by his answer interposed the claim that the stock of hardware was falsely represented to be of the invoice value of $12,000, when it was in fact worth less than $9,000, and he demanded as relief, in ad-

dition to a conveyance of the Martin county land by plaintiff, that he recover of plaintiff the sum of $3,119.13, the amount the invoice value of the stock fell short of the represented value. The allegations of the answer were put in issue by the reply. When the cause came on for trial, it was announced to the court that the parties had adjusted all matters in litigation, except defendant's claim of damages arising from the alleged deficiency in the value of the goods, and that the issues in that respect alone remained for trial. The trial proceeded accordingly, resulting in a judgment for defendant as claimed in his answer. The court found that the goods had no greater value than $8,880.87, and judgment was ordered for the difference between that sum and the represented value, or $3,119.13. Plaintiff appealed.

Numerous assignments of error are made by appellant, but they involve only two or three distinct contentions which will be disposed of in the order presented in the briefs.

1. The provision of the contract upon which defendant relies in support of his claim to damages for the failure of the goods to measure up to the represented value, after referring to the land to be conveyed by the parties, reads as follows:

"And said second party (plaintiff) further agrees to sell and deliver (to defendant) a certain stock of hardware and fixtures located in Arcola, Illinois, which said second party represents to be of the invoice value of Twelve Thousand ($12,000.00) Dollars, and which is to be taken at said price."

The parties in entering into the contract had valued their respective properties, plaintiff his land and stock of goods on the one hand, and defendant his land on the other, with the result that there was a difference between them of $800 in defendant's favor, the payment of which was provided for. The stock represented $12,000 in the transaction, and the evidence justified the court in finding that defendant accepted the same in reliance upon the representation of plaintiff that it was of that invoice value. Defendant alleged in his answer that the representation was false and fraudulent and made with intent to deceive defendant; that defendant relied thereon in entering into the contract, and in accepting the goods in part performance thereof.

The contention of plaintiff that the answer fails to state facts enti-

tling defendant to the relief demanded, and that the evidence in support thereof was improperly received is not sustained. It was not necessary that the defendant either plead, or prove on the trial, a fraudulent design on plaintiff's part to deceive or defraud defendant. All that defendant was required to show was that the representations were unqualified and not true, for the falsity thereof, whether known to plaintiff or not, constituted a fraud and a breach of the contract entitling defendant to appropriate relief. Bullitt v. Farrar, 42 Minn. 8, 43 N. W. 566, 6 L.R.A. 149, 18 Am. St. 485; Jacobson v. Chicago, M. & St. P. Ry. Co. 132 Minn. 181, 156 N. W. 251, L.R.A. 1916D, 144, and cases there cited. This is not seriously questioned, though plaintiff does contend that the representation was nothing more than the expression of an opinion as to the value of the goods, and therefore not actionable, hence that the answer does not state a cause of action. In this we do not concur. As expressed in the written contract the representation is explicit, and to the effect that the stock of goods was of the invoice value of $12,000. The expression "invoice value," as applied to a stock of goods, has a well-defined and well-understood meaning in the commercial and business world, and is used to indicate the cost price or the amount at which the goods were invoiced by the seller to the purchaser. 23 Cyc. 353, 354. It has no reference to the actual or intrinsic value, and is used synonymously with invoice price and invoice cost, each of which gives expression to the same thing. The invoice value of a stock of goods is therefore an ascertainable fact, and a representation of such value is a representation of a fact upon which reliance may be placed in the purchase of the goods. Wilder v. DeCou, 18 Minn. 421 (470); Ludowese v. Amidon, 124 Minn. 288, 144 N. W. 965; Johnson v. Gavitt, 114 Iowa, 183, 86 N. W. 256; Morehead v. Eades, 3 Bush (Ky.) 121; Elerick v. Reid, 54 Kan. 579, 36 Pac. 814. The facts pleaded in the case at bar bring the case within the rule and the evidence presented in support of the allegations was properly received.

2. Plaintiff further contends that defendant accepted the goods with knowledge that they did not, or likely would not, invoice up to the represented value, and that he thereby inflicted upon himself the damage complained of and should not be heard to complain, citing in support of the point Thompson v. Libby, 36 Minn. 287, 31 N. W. 52. That case is not

in point. The contract of exchange in the case at bar required defendant to take over the goods on or before the fifteenth day of January, 1914, while the final completion of the transaction was postponed until March 1 following. In reliance upon the contract stipulations defendant accepted the goods in compliance therewith. He made a sale thereof to one Thier, for the consideration of $12,000, to whom plaintiff surrendered possession, and Thier continued thereafter to operate the store. It was after this part performance that the falsity of the representation was discovered, and the rule of the Libby case does not apply. Plaintiff's statement, when the deficiency in the value was brought to his attention, that defendant could take the goods at $12,000, or leave them, can have no legal effect upon the rights of the parties. He could not thus escape the consequences of his misrepresentation.

3. Soon after Thier took possession of the goods he made claim that the invoice value was less than $12,000, and he insisted that an inventory thereof be taken for the purpose of ascertaining the truth. A demand accordingly was made upon plaintiff, and plaintiff was invited to participate in the work, but he rejected the proposition and declined to take part in taking the proposed inventory, insisting at all times that the goods were of the represented value. Thereupon, Thier, and two or more other persons selected by him, one of whom was a clerk in charge of the store during plaintiff's ownership, made a complete inventory of the entire stock, entering the items of goods on hand in a book used for the purpose with the invoice value when known or ascertainable set down opposite such items. The facts with reference to the inventory, at least as to the listing of the items of goods in the book referred to, the manner of taking the same, the part each person took in the work, discloses an inventory or list not unlike in point of substance that taken and shown in the case of Itasca Cedar & Tie Co. v. McKinley, 124 Minn. 183, 144 N. W. 768, 1135. In that case the inventory was excluded on the trial of the action, and the ruling was held erroneous. Under that decision we sustain the ruling in the case at bar by which the inventory was received in evidence. It was competent for consideration in connection with the other evidence as to the quantity of goods in stock, and in connection also with the evidence of the invoice value or cost price of the same. The accuracy and honesty of the inventory was a matter for the

135 M—22

trial court to determine. We discover no reason for doubting its verity. Plaintiff was afforded an opportunity to participate in taking it but declined to join therein. He offered no evidence on the trial tending substantially to challenge its correctness, and now calls it in question only by objections to the manner in which it was taken. For the reasons stated we hold that the objections were properly overruled.

4. The inventory was a complete list of all the goods in stock, opposite to the items thereof in an appropriate column were placed the cost price as ascertained by Thier and those assisting in the work. The values as to some of the items they were unable to ascertain, and the inventory was sent to a wholesale hardware firm in Chicago, and an employee thereof was directed to complete the valuation as to all the unvalued items. There may be serious doubt as to the admissibility of the values inserted in the list by this employee. He was not produced as a witness, and the foundation of his conclusions does not appear. But we think the defect in the evidence in this respect, if any, was entirely overcome by the testimony of witness Durfee. This witness had many years experience in the hardware trade, as salesman and otherwise. He testified that he had fully examined the inventory, that he was familiar with the cost price and value of the goods listed therein, with a few minor exceptions, and that the amounts given and stated in the inventory were correct and expressed the true cost and value of the goods. The court was justified in finding that his testimony included substantially the entire list of goods, and that the items excepted by him and in reference to which he expressed no opinion were not of special significance, for the great bulk of goods were of the kind he had been dealing in for many years. His testimony was competent and admissible, and supplied any defect in the values as noted in the inventory and as included therein by the employee of the Chicago wholesale firm. There was therefore no prejudice in the admission of the inventory with the values attached.

5. This covers the case, and is all that is necessary to be said in disposing of the assignments of error. Those not specially referred to or included in what has been said, have been considered, with the result that no prejudicial error appears. The measure of defendant's damage was the difference between the represented and the actual invoice or cost value. Nelson v. Gjestrum, 118 Minn. 284, 136 N. W. 858.

**Judgment and order affirmed.**