## L. R. WILSON v. JOHN LYNARD.[1]

February 27, 1925.

No. 24,239.

**Damages for sale of diseased cows not excessive.**

1. The evidence sustains the finding that the defendant sold the plaintiff diseased cows, with a warranty that they were healthy, and that the plaintiff sustained the amount of damages awarded.

**Testimony of farmers as to existence of disease.**

2. Farmers of practical experience in the care of cows, having gained thereby knowledge of a particular disease, may testify as to its presence. Evidence is not confined to the testimony of licensed veterinarians.

**Tenant not justified in leaving leased farm.**

3. The evidence does not show a breach of contract by the defendant, the lessor, such as to justify the plaintiff, the lessee, in leaving the leased farm upon the theory of an eviction; and doing so he cannot recover damages for the loss of the unexpired portion of the term.

[1] Reported in 202 N. W. 713.

**Landlord must account to tenant for conversion of personal property owned jointly.**

4. When the plaintiff left the leased farm, in the operation of which he and the defendant both were interested, some of the property used therewith being owned jointly, and the defendant having chattel mortgages on some of that belonging to the plaintiff, the defendant was justified in taking possession, and upon doing so was liable to account to the plaintiff, and if he converted his property was liable for its value.

\*Headnote 1.  See Sales, 35 Cyc. pp. 464, 465.

Headnote 2.  See Evidence, 22 C. J. pp. 643, 644, § 738.

Headnote 3.  See Landlord and Tenant, 36 C. J. p. 267, § 995; p. 274, § 1008 (1926 Anno).

Headnote 4.  See Landlord and Tenant, 36 C. J. p. 64, § 683 (1926 Anno).

Action in the district court for Steele county to recover $3,692.63 and interest. The case was tried before Senn, J., who ordered judgment in favor of plaintiff for $2,727.77. From an order denying his motion for a new trial, defendant appealed. Reversed.

*Leach & Leach,* for appellant.

*Nelson & Nelson,* for respondent.

DIBELL, J.

The plaintiff leased from the defendant a farm for three years from October 1, 1919. It was conducted in part at least as a joint enterprise and the defendant largely financed it. On December 12, 1921, the plaintiff moved from the farm. The defendant then took possession. The plaintiff claims damages through the sale of diseased cows to him by the defendant. The issue was submitted to a jury which allowed damages of $510.60. The plaintiff claimed that the defendant breached the contract and the terms of the lease so that he was justified in leaving the farm, and that he could recover the value of the unexpired term. The jury found for him and awarded damages in the sum of $1,058.30. The plaintiff claimed further damages for the loss of property on the farm the items of which need not be particularized. The jury allowed him $4,061.19.

The defendant had a number of counterclaims or offsets, some admitted, and the court found a final balance of $2,727.77 due the plaintiff. The defendant appeals from the order denying his motion for a new trial.

1. The evidence sustains the jury's finding that the defendant sold the plaintiff cows infected with contagious abortion, with a warranty that they were healthy, and that he sustained damages in the sum of $510.60. The evidence sustains the finding. This issue is settled.

2. The defendant urges that there was no proper foundation laid for the testimony of the witnesses who testified to the presence of the disease. Farmers having practical experience in the care of cows, and having gained thereby knowledge of the disease, could testify that the cows were infected. It was not necessary to call a licensed veterinarian. See Pearson v. Zehr, 138 Ill. 48, 53, 29 N. E. 854, 32 Am. St. 113; Grayson v. Lynch, 163 U. S. 468, 479, 16 Sup. Ct. 1064, 41 L. ed. 230. On principle such testimony is admissible and should be liberally received. I Wigmore, Ev. (2d ed.) § 568; 4 Id. § 1975.

3. For a time all the cream checks from the farm were delivered by the creamery to the defendant. Later it was arranged that the creamery should make a division between the plaintiff and the defendant. There was no considerable difficulty and the arrangement continued 17 months. Shortly before the plaintiff left the farm, and when he was owing the defendant considerable sums, the latter insisted that under the lease and contract he was entitled to the cream checks as security for the plaintiff's obligations. The creamery, not at once, but finally, acceded to his claim. The plaintiff soon left the farm. His claim is that he could not conduct it without his share of the cream checks, and that the defendant's act was so much a breach of the contract that he was evicted and entitled to recover damages. The jury accepted this view and allowed the plaintiff $1,058.30 damages for the loss of the lease for the remaining portion of the term.

We cannot sustain the jury's finding. The plaintiff was owing the defendant. He declined to pay. The agreement and lease were

indefinite, but there was ground for the assertion of a claim that the defendant was entitled to the products of the farm as security. Perhaps he was harsh in his dealings with his tenant. The courts were open to the plaintiff if his rights were invaded. It is evident that he was dissatisfied. The parties were not in harmony. And upon any proper measure of damages it is doubtful whether the lease was of value. It is quite probable that money was being lost all the time. On the record there should be no recovery for the loss of the lease. While a reversal leaves the issue for a new trial, it is not out of place to say that the record discloses nothing which should give the plaintiff hope for a recovery.

4. The jury's award of $4,061.19 for further damages cannot be sustained. It is unnecessary to detail the items included in it.

When the plaintiff left the farm on December 10, 1921, the defendant entered and operated it. He was a chattel mortgagee of some of the property, was a joint owner of some, and was jointly interested. He was justified in taking possession. He was not required to abandon the property. Kregel v. Cirkler, 158 Minn. 175, 198 N. W. 664; Sutley v. Polk County State Bank, supra, page 118. He must account. If he converted the property of the plaintiff he must pay for it.

Whether the balance of $2,727.77, less $1,058.30, the value of the lease, as found by the jury, interest ·allowances being made, is the proper recovery we cannot say. It is not so certainly right that we can end the litigation by making the deduction.

It should be understood that the award of damages in the sum of $510.60 is sustained. There is to be no further litigation over it. There can be no recovery for the loss of the lease for 10 months on the record as it now is. The new trial necessarily leaves the issue open, but the parties, as it now appears to us, will not find further litigation fruitful. The questions of accounting and damages for a possible conversion are open. The evidence in the record bears upon it. We do not direct the course of the new trial, but it seems that if counsel co-operate the court, upon the evidence already adduced, and additional competent evidence, if any be available and neces-

sary, can end the litigation with little more expense or delay to the parties.

Reversed.