ERNST ROSENBERGER v. H. E. WILCOX MOTOR COMPANY.[1]

April 30, 1920.

No. 21,796.

**Sale of stock at par — admission that value was less, admission of fact.**

1. Where stock in a corporation is sold on the strength of a representation of facts which show it to be worth par, an admission that by reason of certain conditions its value was at that time only forty cents on the dollar, is not a mere expression of opinion, but an admission of a fact.

**Corporation — statements of president admissions against the company.**

2. Statements made by the president of a corporation at the office of the corporation, while he is in charge of the business of the corporation and in the course of negotiations within the scope of the general authority of the president, may be shown as admissions against the corporation.

**Admission by agent of corporation.**

3. An agent of a corporation, if acting within the scope of his authority, may make an admission in behalf of the corporation as to a past transaction.

**Return to assessor admissible.**

4. Statements of value made to the assessor may be received in evidence as admissions.

Action in the district court for Blue Earth county to cancel certain contracts and to recover $2,675. The answer admitted the purchase by plaintiff of 50 shares of the seven per cent cumulative preferred stock of defendant; the payment therefor in notes of plaintiff; the pledge of the stock as security for the payment of the notes and the payment of the notes so given in the sum of $2,500. The case was tried before Steele, J., who made findings and ordered judgment in favor of defendant. Plaintiff's motion for amended and additional findings or for a new trial was denied. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Reversed.

[1]Reported in 177 N. W. 625.

*Fowler, Schmitt, Carlson & Furber,* and *Cray & Eaton,* for appellant.
*A. M. Higgins, C. A. Pidgeon* and *R. S. Killiner,* for respondent.

HALLAM, J.

For some years prior to December 12, 1913, the H. E. Wilcox Motor Car Company had been engaged in the business of manufacturing and selling motor trucks. On the above date, the business was reorganized under the name of the defendant company. Defendant took over the business of the former company, and issued its stock to the stockholders of the former company in exchange for their holdings. Some of the preferred stock of defendant was put on the market for sale. O. M. Hatcher was a stock salesman employed by the defendant. He was furnished with a financial statement bearing date December 12, 1913, purporting to be a true and correct statement of the financial condition of defendant. In June, 1914, Hatcher approached plaintiff for the purpose of selling him stock, exhibited this statement, told plaintiff it was true, called his attention to the different items; told him that, according to the statement, there was dollar for dollar value, that the corporation was then making money; that profits of more than $50,000 had been made; that this would make the preferred stock worth par and would put a value on the common stock. The financial statement did show assets sufficient to make the preferred stock worth par and showed large current profits. Plaintiff testified that he purchased preferred stock in defendant company in reliance on such representations, and that the representations were not true. The court found for defendant. Plaintiff appeals.

1. The point mainly urged on this appeal is the refusal of the court to receive evidence that in 1916, some two years after these representations were made, H. E. Wilcox, then president of defendant company, made certain admissions as to the value of the stock at the time plaintiff made his purchase. Wilcox had been president of the old corporation. When the new corporation was formed he became a large stockholder and a director. For a time he was vice president and a salesman on the road, but he became its president in July, 1915. As such he attended to the usual duties of a president of such a corporation, kept posted as to the property of the corporation and its business and its

assets and liabilities. In July, 1916, plaintiff retained an attorney, Benjamin Taylor. The offered proof was, that Taylor called on Wilcox at the office of defendant, explained the nature of his claim, and demanded a return of the notes and money plaintiff had given for his stock; that Wilcox refused; that Wilcox then stated that, before he took charge of the affairs of the company, it was maintaining a number of branches which showed a loss; that he insisted that these be closed and that some other matters be charged off to make the books show the true condition of the company; that he said he thought it would be a mistake for any stockholder to commence any proceedings against the company, as it would result in the loss of the entire investment, and . said that at the time plaintiff purchased his stock it was worth forty cents on the dollar, but that he thought it would eventually be all right, if plaintiff did not make the company trouble.

We think the rejection of the testimony was error. The testimony was material. It tended to prove that the value of the stock was less than it had been represented. It was more than a mere expression of opinion as to value. It was an admission of a fact.

2. The question whether the statement of the president could be proven against the company resolves itself into simply a question of agency. The mere fact that Wilcox was president was not enough to make his statements admissible. But if the statements were made by him while he was in charge of the business of the corporation and in the course of negotiation of such business, and they were within the scope of his general authority, they may be shown as admissions against the corporation. Browning v. Hinkle, 48 Minn. 544, 548, 51 N. W. 605, 31 Am. St. 691; Itasca Cedar & Tie Co. v. McKinley, 124 Minn. 183, 144 N. W. 768; O'Toole v. Post P. & P. Co. 179 Pa. 271, 36 Atl. 288; Buffum v. York Mnfg. Co. 175 Mass. 471, 56 N. E. 599; 3 Fletcher Cyc. Corp. § 2160.

3. The fact that this transaction occurred some time after the contract of sale of the stock, and that the statement was an admission as to facts existing when the contract was made, is not decisive. An agent of a corporation, if acting within the scope of his authority, may make an admission in behalf of the corporation as to a past transaction, just as a natural person or his authorized agent may do so. See 3 Fletcher,

Cyc. Corp. § 2160; Itasca Cedar & Tie Co. v. McKinley, 124 Minn. 183, 144 N. W. 768. We think this admission, if made as Taylor proposed to testify, was within the scope of Wilcox's authority as president of the corporation. Plaintiff's attorney called at the corporation's place of business to make his demand. He sought the president of the corporation and made his demand upon him. There is no suggestion that the president was not the proper person to approach. The president heard his claim and discussed the matter with him. He undertook to dissuade him. In the course of the transaction he is said to have made this admission. The negotiation was a proper one for the president to enter upon and the alleged admission pertained to the business in hand. The case is not much different from that presented in Itasca Cedar & Tie Co. v. McKinley, 124 Minn. 183, 144 N. W. 768, 1135. We think the offered evidence should have been received.

4. Plaintiff urges, as a ground for a new trial, the discovery, since the trial, of the fact that, in May, 1914, defendant's treasurer made a statement to the city assessor, in which he placed a valuation upon defendant's assets at a much smaller amount than that contained in the statement exhibited to plaintiff. This furnishes no ground for a new trial, for the reason that this public record was easily obtainable at the first trial. But since a new trial is to be granted on other grounds, and since the question whether this evidence is admissible has been presented and argued and will likely arise on another trial, we deem it proper to say that, in our opinion, such evidence is properly receivable as an admission of value. We see no reason why it should not be. It was an authorized statement of an authorized representative of the corporation. See Thaden v. Bagan, 139 Minn. 46, 165 N. W. 864. We cannot assume, as some authorities hold, that such returns are not expected to be true. See Bartlesville Interurban Ry. Co. v. Quaid, 51 Okl. 166, 151 Pac. 891, L.R.A. 1918A, 653; Wray v. Knoxville F. L. & J. R. Co. 113 Tenn. 544, 82 S. E. 471. We cannot assume that defendant returned an undervaluation of its property for purposes of taxation. We think the better authorities sustain our position. 3 Wigmore, Ev. § 1640; Trustees v. Bohler, 80 Ga. 159, 7 S. E. 633; Vernon Shell Road Co. v. Mayor of Savannah, 95 Ga. 387, 22 S. E. 625; Aetitus v. Spring Valley Coal Co. 246 Ill. 32, 92 N. E. 579, 138 Am. St. 221;

Virginia v. West Virginia, 238 U. S. 202, 35 Sup. Ct. 795, 59 L. ed. 1272.

Judgment reversed.