## OLIVE IDA SMITH v. ROLLO N. CHAFFEE.[1]

October 10, 1930.

No. 28,011.

*Theodore Hollister* and *Lathers & Hoag,* for appellant.
*Baldwin, Baldwin, Holmes & Mayall,* for respondent.

OLSEN, C.

Appeal by the plaintiff from a judgment in favor of the defendant that plaintiff take nothing by this action, entered upon an order of the trial court granting defendant's motion for judgment in his favor on the pleadings in the case.

Plaintiff brought suit in the district court against the defendant Chaffee and two others to have it decreed that she was the owner of a sheriff's certificate of foreclosure sale; that such certificate was held in trust for her by one Ward, one of the defendants in that action, and that if any redemption was made from the sale the redemption money be decreed to be her property. There was a

[1]Reported in 232 N. W. 515.

further prayer for general relief and for costs and disbursements. Ward, the holder of and in whose name the certificate was issued, claimed no interest therein. The third defendant was a corporation, owned and controlled by defendant Chaffee, so that for all practical purposes Chaffee was the only defendant. Before the case was tried redemption was made from the foreclosure sale. The plaintiff was successful in her suit, and the entire sum received from the redemption was awarded and paid to her, together with a small amount of interest earned thereon and her costs and disbursements in the suit. 177 Minn. 87, 224 N. W. 458. The judgment was paid and satisfied. Plaintiff now brings this second suit to recover the attorney's fees and expenses incurred by her in the first action in excess of the costs and disbursements taxable therein.

In the first action plaintiff charged that Chaffee, an attorney at law employed by her to foreclose the mortgage in question, had falsely and fraudulently represented to plaintiff's husband that in order to foreclose it would be necessary to assign the mortgage owned by plaintiff to Ward, and that she was so informed by her husband; that, relying upon the statements so made by Chaffee, she did assign the mortgage without consideration to Ward for the purpose of foreclosure only. It is further alleged that the foreclosure in Ward's name was the result of fraud and conspiracy on the part of Chaffee and Ward for the purpose of defrauding plaintiff of her property. There was also reference to some contract entered into between Chaffee and plaintiff's husband, whereby it was purported to provide that part of the proceeds of the mortgage foreclosure should go to the corporation owned by Chaffee.

In the present action it is charged that Chaffee was employed by her as attorney to foreclose the mortgage in question. There is the same allegation as to fraudulent representations by Chaffee to plaintiff's husband and her reliance thereon in assigning the mortgage to Ward, and that Chaffee conspired to appropriate a large part of the money or property from the foreclosure sale. A copy of the contract between Chaffee and plaintiff's husband, referred to in the complaint in the prior action, whereby it was agreed that $4,000 of the redemption money, or, in case there was no redemption, a share

of the property sold under the foreclosure, should go to the corporation owned by Chaffee, is attached to this complaint. Plaintiff never signed, ratified, or became bound by this contract, but she alleges that it was fraudulently obtained from her husband by Chaffee; that Chaffee, after the mortgage was foreclosed, claimed rights to part of the redemption money under this contract and refused on demand to deliver or cause to be delivered to plaintiff the sheriff's certificate and papers that would enable her to receive the redemption money, and thereby compelled her to bring the prior action to establish her right thereto; and that defendant Chaffee was guilty of deceit and fraud while acting as her attorney in the matter. There are other allegations not here necessary to state.

■ The question presented by the appeal is whether an independent action to recover the attorney's fees and expenses incurred by plaintiff in the first suit can be maintained in the situation here shown. The general rule is that a plaintiff or a defendant who succeeds in a lawsuit and is awarded and receives the statutory costs and disbursements taxable therein has no further claim against his adversary for attorney's fees or expenses incurred in the suit. Whether the action sounds in contract or in tort makes no difference. There are statutory provisions for allowing attorney's fees to the successful party in certain kinds of actions and proceedings in the original action or proceeding, but none have been called to our attention where an independent, second action for the recovery thereof is authorized.

The rule is stated in 2 Dunnell, Minn. Dig. (2 ed.) § 2195, as follows:

"The right to recover costs and disbursements in an action or judicial proceeding is purely statutory, so that, where no statute allows it, they cannot be recovered." The cases are cited in note 5.

In Frost v. Jordan, 37 Minn. 544, 546, 36 N. W. 713, 714, the court said:

"In the next place, it is against the analogies of the law to allow expenses of litigation beyond the costs allowed by statute, which,

as said before, however inadequate, are the measure of indemnity which the law provides."

It is the general rule that the payment of the legal costs incurred in the action is the full measure of liability incurred by an unsuccessful litigant. Note to Stickney v. Goward, 39 A. L. R. pp. 1218-1220, and cases there cited. Our own cases of Kelly v. Rogers, 21 Minn. 146, and Stickney v. Goward, 161 Minn. 457, 201 N. W. 630, 39 A. L. R. 1216, sustain the general rule. Leslie v. Carter, 268 Mo. 420, 187 S. W. 1196, is to the same effect and somewhat in point on the facts.

The case of Bergquist v. Kreidler, 158 Minn. 127, 196 N. W. 964, comes within an exception sometimes noted to the general rule, in that in that case there had been no prior litigation between the same parties; but plaintiffs sought to recover expenses and attorney's fees incurred by them in a litigation with third parties, which litigation was held to be the direct result of fraudulent representations made by defendant. No costs or disbursements had been or could have been recovered against the defendant in the Kreidler case in the prior action against other parties.

Feldmesser v. Lemberger, 101 N. J. L. 184, 127 A. 815, 41 A. L. R. 1153, appears to some extent to sustain the plaintiff's claim here. It may be noted however that the costs there sought to be recovered were costs that had been taxed and allowed against plaintiffs in a former suit and actually paid by them to the defendant in the second suit. It is logically difficult to understand how costs awarded by one court in favor of a party and paid could be recovered back by the one who paid from the party who the first court had decided was entitled to such costs. It may be noted also that the chief justice and four other justices dissented.

■ Plaintiff asserts that her cause of action is a statutory cause of action granted by G. S. 1923 (2 Mason, 1927) § 10044, providing that:

"Every attorney or counselor at law who shall be guilty of any deceit or collusion, or shall consent thereto, with intent to deceive the court or any party, or who shall delay his client's suit with a

view to his own gain, shall be guilty of a misdemeanor, and, in addition to the punishment prescribed by law therefor, he shall forfeit to the party injured treble damages, to be recovered in a civil action."

The section does not create any new cause of action. An attorney guilty of deceit or collusion, with intent to deceive any party to a lawsuit, or guilty of delaying his client's cause for his own gain or benefit, has always, so far as we know, been liable in damages to the party injured thereby. The section does treble the damages to be recovered in such an action but does not create a new cause of action. Again, the damages there spoken of quite clearly have reference to the direct actual damages suffered by the party rather than some consequential indirect expenditures for attorney's fees and expenses in some other lawsuit.

G. S. 1923 (1 Mason, 1927) § 5689, is also referred to. What has been said of § 10044 applies also to this section. This section refers to deceit or collusion "with intent to deceive a court or a party to an action or judicial proceeding." There was no such action or proceeding pending or under consideration at the time of the deceit here claimed.

Judgment affirmed.