## RENT-A-SCOOTER, INC. v. UNIVERSAL UNDERWRITERS INSURANCE CO.

173 N. W. (2d) 9.

December 5, 1969—Nos. 41760, 41899.

*Bernard M. Harroun,* for defendant.

*Schermer, Gensler, Schwappach, Borkon & Ramstead* and *John Mariani,* for plaintiff.

Heard before Knutson, C. J., and Nelson, Murphy, Peterson, and Frank T. Gallagher, JJ.

PETERSON, JUSTICE.

On the afternoon of July 31, 1964, a young man driving a motor scooter rented from Rent-A-Scooter, Inc., a Minneapolis firm, struck an automobile and injured a passenger. The passenger brought suit against Rent-A-Scooter and obtained a default judgment for $10,000. Rent-A-Scooter then filed a declaratory judgment action in the District Court of Hennepin County against its alleged insurer, Universal Underwriters Insurance Company, seeking to shift the burden of the default judgment to Universal Underwriter's shoulders by obtaining a judicial declaration that there was liability insurance coverage. Two appeals are here for consideration:

(1) Plaintiff, Rent-A-Scooter, prevailed on trial of its declaratory judgment action. Defendant, Universal Underwriters, appeals from the order denying its post-trial motion for judgment notwithstanding the verdict or for a new trial. We affirm.

(2) Plaintiff, in a separate post-trial motion, sought an

award from defendant for the attorneys' fees plaintiff incurred in its declaratory judgment action. Plaintiff appeals from the order denying its motion. We also affirm this order.

1. The declaratory judgment action, involving an issue of fact, turns upon the admissibility of certain evidence offered by plaintiff. The president of Rent-A-Scooter testified that when the damaged motor scooter was returned to plaintiff's shop, he called the Barr-Korengold Agency, the people who had sold him the insurance, reporting the accident and giving the serial number of the scooter involved to a secretary who answered the telephone. Although not all of plaintiff's scooters were covered by the policy, those covered were listed in the policy by serial numbers. Plaintiff rests its case on the factual basis that just after the accident the number of the scooter was known, although since forgotten; that the number, as then known, was given to the insurer's agent; that the agent confirmed coverage; and that timely notice of the accident was given to the insurer. According to the plaintiff's president, the unidentified secretary to whom he spoke on the telephone acknowledged that the scooter involved in the accident was insured.

Whether plaintiff's president called the office of Barr-Korengold Agency and whether a secretary stated to him that there was coverage are questions of fact. The trial court's findings on these questions are not manifestly contrary to the evidence, for the jury could believe the testimony of plaintiff's president and disbelieve the contrary testimony of the witnesses for defendant. That there was an adequate foundation to authenticate the conversation with the Barr-Korengold secretary and to establish her authority to act for her employer was settled, under similar facts, in Sauber v. Northland Ins. Co. 251 Minn. 237, 87 N. W. (2d) 591.

Whether plaintiff's conversation with the secretary was inadmissible hearsay is, of course, a question of law. This testimony is clearly hearsay, for it is being offered as evidence of the truth of the matter declared. But it is an admission, and is admissible

as an exception to the hearsay rule. If the statements made by an agent are against the principal's interests at time of trial, and if they were made by the agent while acting within the scope of his authority while engaged in the business of his principal, and if they are statements of fact and not opinion, they are admissible. Rosenberger v. H. E. Wilcox Motor Co. 145 Minn. 408, 177 N. W. 625; 31A C. J. S., Evidence, §§ 343, 351a. See, generally, McCormick, Evidence, § 239. That the hearsay is testified to by an interested party—here the plaintiff's president—affects only the weight accorded it, not its admissibility. Mortenson v. Hindahl, 247 Minn. 356, 77 N. W. (2d) 185.

2. The authority that plaintiff cites for its position that attorneys' fees should be awarded is Morrison v. Swenson, 274 Minn. 127, 142 N. W. (2d) 640. In that case, as in this case, there was a personal injury action against an automobile owner who claimed that an insurance company was obligated under a liability policy to defend the action. The insured brought a third-party action for a declaratory judgment against the insurer and, in the same action, claimed attorneys' fees incurred in prosecuting that action. The insurer, it should be noted, conceded that the attorneys' fees incurred in the defense of a prior third-party action against the insured were properly included in damages. This court there said (274 Minn. 137, 142 N. W. [2d] 647):

"The only other question remaining is whether it was proper for the court to permit plaintiff to recover his legal fees incurred in the declaratory judgment action, although the general rule is that legal fees are ordinarily not recoverable unless there is statutory authority for it. Dworsky v. Vermes Credit Jewelry, Inc. 244 Minn. 62, 69 N. W. (2d) 118; Smith v. Chaffee, 181 Minn. 322, 232 N. W. 515; Stickney v. Goward, 161 Minn. 457, 201 N. W. 630, 39 A. L. R. 1216.

"However, this action is in the nature of an action to recover damages for breach of contract. Legal fees incurred in the declaratory judgment action were damages arising directly as the result of the breach. We think that the injured party in an

action of this kind ought to be permitted to recover whatever expenses he has been compelled to incur in asserting his rights, as a direct loss incident to the breach of contract. See, 7A Appleman, Insurance Law and Practice, § 4691."

Morrison was significantly limited, however, by our more recent decision in Abbey v. Farmers Ins. Exch. 281 Minn. 113, 160 N. W. (2d) 709, where a judgment for plaintiff's attorneys' fees was reversed. The issue of awarding attorneys' fees there arose in a two-party action, an action by the insured against his insurer to recover disability payments, there being, therefore, no prior third-party action to have been defended by the insurer. Notwithstanding the fact that both Morrison and Abbey involve a claim for attorneys' fees in an action to determine policy coverage, we have treated Morrison as being a claim for damages resulting from breach of contract by the insurer's failure to defend, saying in Abbey (281 Minn. 118, 160 N. W. [2d] 712):

"* * * [T]his court limited the rule established in that case to the situation presented therein and made it clear that it recognized the general rule that ordinarily attorneys' fees are not recoverable unless there is statutory authority for it. While in Morrison we held, as an exception to the general rule, that a party who is thrust into litigation with a third person by reason of a wrongful act of another in breach of contract may recover attorneys' fees incurred in such prior litigation in an action against the one who committed such wrongful act, this court again later affirmed the general rule that attorneys' fees are allowed only when authorized by statute or provided for in the contract. See, Grodzicki v. Quast, 276 Minn. 34, 149 N. W. (2d) 8."

We hold that when an insured is compelled to defend himself in an action because his insurer has erroneously denied its obligation to defend him under its liability policy, the attorneys' fees incurred in the defense of that action may be awarded the insured as contract damages in a subsequent action against the insurer; but, absent statutory authority or specific provision in

the insurance contract itself, the insured may not recover attorneys' fees incurred in an action against the insurer to establish coverage under an insurance policy. Because the plaintiff interposed no defense in the action against him, permitting the issue to be decided by default, there is no basis for an award to him of attorneys' fees.

Affirmed.