**NEW HAMPSHIRE INSURANCE COMPANY, Appellant,**

v.

**Roger Eugene CHRISTY et al., Appellees.**

**No. 55053.**

Supreme Court of Iowa.

Sept. 19, 1972.

Kersten, Opheim & Estes, Fort Dodge, for appellant.

Ulstad & Guinan, Fort Dodge, for appellees.

MASON, Justice.

New Hampshire Insurance Company instituted a declaratory judgment action seeking a determination of the extent of coverage afforded by an automobile liability policy issued to defendant, Roger Eugene Christy. The insurance company appeals from judgment awarding one of the defendants, Carolyne Marie Sankey, $1000 attorney fees on her counterclaim.

Sometime before occurrence of the facts giving rise to this action—we are not told exactly when—, plaintiff had issued the insurance policy involved to Christy covering

two specified automobiles then owned by him. The policy provided coverage to the named insured, members of the insured's household, or any person driving with the insured's permission. It did not provide coverage for a person who is not a resident of the insured's household if the person had purchased the car before date of the accident for which coverage was sought.

The following portions of the policy are relevant to this lawsuit:

"The Company shall defend any suit alleging such bodily injury or property damage and seeking damages which are payable under the terms of this policy even if any of the allegations of the suit are groundless, false or fraudulent.

"*  *  *

"PERSONS INSURED: The following are insureds under Part I:

"(a) With respect to the owned automobile.

(1) The named insured and any resident of the same household.

(2) Any other person using such automobile with the permission of the named insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission, and

(3) Any other person or organization but only with respect to his or its liability because of acts or omissions of an insured under (a)(1) or (2) above."

In July 1969 Delores Christy, wife of the named insured, purchased a 1960 Buick LeSabre automobile. September 25, Carolyne Marie Sankey, Christy's married daughter, was involved in an intersection accident while driving the Buick. A law action for damages alleged to have been sustained as a proximate result of Mrs. Sankey's negligent operation of the automobile was commenced against her as sole defendant by Stella Mitchell, mother and next friend of Jamie Mosley, the injured minor.

Upon being notified of the commencement of the action against Mrs. Sankey, the insurance company refused to defend, denying coverage under Mr. Christy's policy. Mrs. Sankey employed attorneys to represent her in that action.

March 12, 1970, the insurance company commenced the present action naming, as defendants, the insured, Mrs. Sankey and Stella Mitchell and her minor son. Plaintiff alleged Mrs. Sankey was not living with Christy nor was she a resident of the same household at the time of the accident involved in the Mitchell lawsuit and that the Buick automobile had, in fact, been transferred to Mrs. Sankey and her husband before the accident. Plaintiff prayed for a decree adjudging the policy issued by it to Christy provided no coverage for the damages, if any, which could be collected in the action brought by Stella Mitchell.

Mrs. Sankey in answer admitted some paragraphs and denied others including the allegation that she was the owner of the Buick at the time of the accident and alleged waiver and estoppel as affirmative defenses. In separate divisions she asserted as a counterclaim that the company's failure and refusal to assume the defense of the Mitchell action constituted a breach of contract and as a result of this breach, she had suffered damages in two respects: expenses incurred in employing private counsel to represent her in the Mitchell action and attorney fees for the defense of the declaratory judgment action.

Plaintiff denied the allegations of the counterclaim and by amendment asserted it could not be required to pay expenses of attorneys for future defense of the Mitchell case or attorney fees for the defense of its declaratory judgment action.

The company raises no issue seeking to deny liability insofar as it is concerned in the event that Delores Christy was, in fact,

the owner of the automobile involved in the collision with Mrs. Mitchell's son.

It is conceded Mrs. Sankey was not a resident of the same household as the insured at the time of the accident.

A pretrial hearing was held before selection of the jury at which time the parties agreed the main issue in the declaratory judgment action was whether Carolyne Marie Sankey was the owner of the automobile involved in the accident wherein Jamie Mosley received personal injury. It was further agreed the matter of fees claimed in the counterclaim should be reserved for the court's determination rather than submitted to the jury with evidence bearing on the matter of fees and the reasonableness thereof being offered in that hearing.

The parties also agreed Mrs. Sankey's counterclaim for attorney fees was based on the contention she was entitled to judgment, (1) in the event that her affirmative defense of waiver is established; (2) in the event her affirmative defense of estoppel is established; and (3) by operation of law by virtue of the insurance contract, itself.

The insurance company did not by either pleading or proof tender any issue as to whether Mrs. Sankey was an insured as that term is defined in the policy. Instead, it elected to seek a determination that its policy did not afford coverage of the Mitchell accident solely on the contention Mrs. Sankey was the owner of the Buick.

Thus, the only question submitted to the jury was a special interrogatory:

"Do you find that the ownership of the motor vehicle at the time of the accident in question on September 25, 1969, was in the defendant Carolyne Marie Sankey." The jury answered, "No."

Following denial of plaintiff's motion for new trial or judgment notwithstanding the verdict in the alternative, the demand asserted in the counterclaim was presented to the court on a stipulation of facts as to the reasonableness of the expenses incurred.

The trial court announced at this hearing the questions of waiver and estoppel were no longer in the case in view of the lack of evidence bearing thereon and the only question was whether Mrs. Sankey was entitled to recover fees and in what amount under and by virtue of the insurance contract. The policy received in the main case was to be considered by the court in the reserved hearing.

The trial court found plaintiff had breached its contract in failing to defend the Mitchell action and that Mrs. Sankey was entitled to recover attorney fees incurred in defense of the Mitchell action and those incurred in defending plaintiff's declaratory judgment action. The court entered judgment against plaintiff for $295 as the reasonable value of attorney fees incurred in the Mitchell action and for $705 as the reasonable attorney fees for the defense of the declaratory judgment action.

Plaintiff appeals only from the decree granting Mrs. Sankey attorney fees.

In seeking reversal plaintiff asserts the trial court erred in awarding Mrs. Sankey attorney fees because (1) the allegations of the petition in the action brought by Stella Mitchell did not give rise to a duty to defend, (2) nothing done by plaintiff caused the Mitchell litigation and (3) there is no statutory authority for such an award against an opposing party.

I. Plaintiff's first assignment presents the question whether the insurance company had a duty to defend. It argues there were no facts alleged in the Mitchell petition which, if proven, would have made Mrs. Sankey an insured under her father's policy. The company points out there were no allegations Mrs. Sankey was driving the Buick with the permission of the named insured or that such insured owned the Buick or that Mrs. Sankey was a member of insured's household.

Plaintiff maintains since the company had no duty to defend the Mitchell action under these factual circumstances, there was no breach of contract. Therefore, it cannot be held liable for expenses incurred in defense of that action or for defense of its declaratory judgment action.

Plaintiff's argument is based on the proposition that an insurer's duty to defend in a given lawsuit is determined by the allegations contained in the petition. It relies on Priester v. Vigilant Insurance Co., 268 F.Supp. 156, 158 (S.D.Iowa D.D.), where the court made this statement: "An insurer's duty to defend the defendant in a certain lawsuit *generally* is determined by the allegations contained in the complaint." (Emphasis supplied).

In the cited case Priester was driving an automobile owned by William S. Webb, Sr., at the time of the collision giving rise to three lawsuits. In each case Priester was sued as operator of the car and Webb was joined as a defendant by virtue of his ownership of the vehicle. In each of the three complaints the respective plaintiff alleged that Priester was operating the automobile with the consent of Webb at the time of the accident, *an allegation essential to recover against Webb.*

The general rule is stated in this manner in the annotation appearing in 50 A.L.R.2d 458, 465:

"It appears to be well settled that, generally speaking, the obligation of a liability insurance company under a policy provision requiring it to defend an action brought against the insured by a third party is to be determined by the allegations of the complaint in such action. * * *."

However, the *editors note in footnote 19,* "The above general rule does not deal with the special situation where there is a conflict between the alleged facts and the actual facts as known to the insurer. * * *."

■ The allegations in a pleading are not, in all circumstances and situations, the decisive factor in determining whether there exists a duty on the part of the insurance company to defend. This is especially true when the duty to defend depends upon a factual issue which will not be resolved by the trial of the third party's suit against the insured, the duty to defend may depend upon the actual facts and not upon the allegations in the pleading.

"* * * [F]or example, if a policy covered a Ford but not a Chevrolet also owned by the insured, the carrier would not be obligated to defend a third party's complaint against the insured which alleged the automobile involved was the Ford when in fact the car involved was the Chevrolet. The identity of the car, upon which coverage depends, would be irrelevant to the trial of the negligence action." Burd v. Sussex Mutual Insurance Company, 56 N.J. 383, 388, 267 A.2d 7, 9–10. This manifests unsoundness of the rule.

As stated, the Mitchell action was instituted against Mrs. Sankey, operator of the vehicle, as the sole defendant. In order to state a cause of action under these circumstances plaintiff was required to allege Mrs. Sankey was negligent in the operation of the motor vehicle at the time of the accident, that her negligence was a proximate cause of the minor's injuries and the amount and extent of damages claimed. It was not essential in order to state a cause of action upon which relief could be granted against Mrs. Sankey that plaintiff allege those matters the insurance company claims were omitted from the Mitchell petition. In fact, evidence tending to support those facts would have been irrelevant in the trial of the Mitchell action.

■ Since the draftsman of a pleading against the insured is not ordinarily interested in the question of coverage which later arises between insurer and insured, an insured's right to a defense by its insurer should not be made to depend upon the allegations a third party chooses to put in his petition.

In Central Bearings Co. v. Wolverine Insurance Company, 179 N.W.2d 443, 445 (Iowa 1970), this court has recognized that the duty to defend is not to be determined only by the allegations of the injured party's pleading by quoting the following from Hagen Supply Corp. v. Iowa National Mutual Ins. Co. (8 Cir. 1964), 331 F.2d 199, 204:

" '* * * Where there are facts extraneous to the allegations in the complaint which are known either to insurer or insured which, if proved, make out a case against the insured which is covered by the policy, the duty to defend exists. * * *.' "

This statement from the Central Bearings Co. case is referred to in Stover v. State Farm Mutual Insurance Company, 189 N.W.2d 588, 592 (Iowa 1971). In the Stover case, however, there was an absence of extraneous circumstances.

■ We conclude in view of the existence of extraneous facts shown by the record, this case does not present one for application of the general rule urged by plaintiff. Insurer had a duty to defend.

This assignment cannot be sustained.

II. The second assignment presents the question whether attorney fees can be awarded Mrs. Sankey for the defense of the Stella Mitchell action when the insurance company did not cause such litigation.

Plaintiff argues under this assignment that it cannot be claimed its breach of duty to defend, if any, caused commencement of the action against Mrs. Sankey since that litigation was caused by her involvement in the accident.

Plaintiff leans on Turner v. Zip Motors, Inc., 245 Iowa 1091, 65 N.W.2d 427, and Peters v. Lyons, 168 N.W.2d 759, 769 (Iowa 1968), particularly the quotation in Peters from 5 Corbin on Contracts, section 1037, for its argument.

In Turner fraud committed by an agent of defendant brought about the litigation between plaintiff and a third party. Plaintiff made claim against defendant for attorney fees incurred in defending the third-party suit.

In the course of its opinion, the court quoted with approval this statement from Restatement of Torts, section 914:

" 'A person who through the tort of another has been required to act in the protection of his interest by bringing or defending an action against a third person is entitled to recover compensation for the reasonably necessary loss of time, attorney fees and other expenditures thereby suffered or incurred.' " Loc. cit. 245 Iowa at 1097, 65 N.W.2d at 431.

In reaching its decision the court recognized, " * * * that a litigant who has through the wrongful act of another been involved in a suit with a third party may in turn recover his necessary costs and expenses, including attorney fees, from the wrongdoer whose misdeed brought about the action. * * *." Loc. cit. 245 Iowa at 1100, 65 N.W.2d at 432.

In Peters v. Lyons, Peters brought suit against Lyons for damages resulting from an attack by Mrs. Lyons' dog. The dog had been secured by a chain choke or collar purchased from S. S. Kresge Company. Evidence was produced tending to show the chain was defectively welded and would not sustain the strain that could be expected from the lunging of a 120-pound dog. Lyons made claim against Kresge for attorney fees incurred in defending the Peters suit on the theory Kresge's breach of implied warranty had brought about the third-party suit.

The court relied on the statement from Corbin referred to, supra. We set out a portion of that statement:

" 'If the plaintiff can show that the defendant's breach of contract has caused litigation involving the plaintiff in the payment of counsel fees, court costs, and the amount of a judgment, and shows further that such expenditure is reasonable in

amount and could not have been avoided by him by reasonable and prudent effort, he can recover damages against the defendant measured by the amount of these expenditures. * * *.' "

" * * *." Loc. cit. 168 N.W.2d at 769.

In each of the cited cases the third-party suit against the party seeking attorney fees had been brought about or caused by either the tortious conduct or breach of contract of the party from whom damages were claimed. The quoted statements from the two cited cases are correct statements of the law as applied to the factual circumstances then before the court. However, they do not furnish support for plaintiff's assignment considered in this division.

It is true the Mitchell litigation was neither caused by the tortious conduct nor by breach of contract of the insurance company but by Mrs. Sankey's negligent operation of the Buick involved in the accident.

■ The present case does not present a factual situation for application of the rule requiring a party claiming attorney fees for defense of a third-party suit to prove that the tortious conduct or breach of contract of the party from whom damages were claimed caused or brought about the third-party suit.

In Turner and Peters, proof of facts embodied in the rule announced was essential for the theory of recovery asserted and in order to prevent "opening the door to endless litigation." This is not so in the present case.

As stated, the insurance company elected to seek a judicial determination that its policy did not afford coverage of the Mitchell accident solely on the contention Mrs. Sankey was the owner of the Buick. The jury in answer to a special interrogatory determined the question adversely to plaintiff's contention.

The trial court thereupon held the insurance company had a duty to defend; failure to fulfill the duty imposed under its contract of insurance constituted a breach of contract.

Mrs. Sankey was thrust into litigation with Mitchell by reason of the insurance company's wrongful refusal to "defend any suit alleging such bodily injury or property damage and seeking damages which are payable under the terms of this policy even if any of the allegations of the suit are groundless, false or fraudulent." She now seeks to recover her necessary costs and expenses including attorney fees from the one whose breach of contract forced such expenditures.

■ An insurer who refuses, contrary to its contractual obligation, to defend a third-party action against its insured on the ground the policy involved affords no coverage is liable for reasonable attorney fees incurred by the insured in the defense of the action brought against him. Grant v. Touro Infirmary, 254 La. 204, 223, 223 So.2d 148, 155; Vanderveen v. Erie Indemnity Company, 417 Pa. 607, 608, 208 A.2d 837, 838; Bosko v. Pitts & Still, Inc., 75 Wash.2d 856, 867, 454 P.2d 229, 236; Carlson v. Grimsrud, 223 Wis. 561, 563, 270 N.W. 50, 51; 22 Am.Jur.2d, Damages, section 166.

Other cases supporting this rule are collected in the annotation in 49 A.L.R.2d 694, 727–730, and in the Later Case Service for that volume as well as in West's Digest, ■ number, insurance, 514.14.

The trial court did not err in awarding Mrs. Sankey judgment of $295 for her defense of the Mitchell action.

III. Plaintiff's remaining assignment attacks the court's judgment allowing Mrs. Sankey $705 for fees incurred in defending the declaratory judgment action.

Plaintiff contends the trial court's ruling is contrary to that line of authority declaring that ordinarily attorney fees are not recoverable as part of the damages against an opposing party in litigation in the absence of statute or contract provisions

since the statutory provision for costs is deemed sufficient compensation for the victorious litigant. See Boardman v. Marshalltown Grocery Co., 105 Iowa 445, 451, 75 N.W. 343, 345; Turner v. Zip Motors, Inc., 245 Iowa at 1098, 65 N.W.2d at 431, 45 A.L.R.2d 1174; and Rauch v. Senecal, 253 Iowa 487, 491, 112 N.W.2d 886, 888.

The trial court after noting the precise question had never been settled in Iowa recognized there were two incompatible lines of authority in the United States and elected to adopt the logic contained in Morrison v. Swenson, 274 Minn. 127, 142 N.W.2d 640 and Cohen v. American Home Assurance Co., 255 Md. 334, 258 A.2d 225, as a guide in resolving the problem of attorney fees adversely to the insurance company.

Mrs. Sankey in written brief and argument relies on the two cited cases, among others, as support for the trial court's ruling.

In Morrison v. Swenson, a personal injury suit was brought against the insured. The insurer denied any coverage and refused to defend the insured. A third-party complaint was then filed by the insured against the insurer as third-party defendant. The trial court held that there was coverage and that the insurer was required to defend and was liable for legal expenses incurred by the insured in the actions brought for failure to comply with the insurance policy provisions. On appeal, the court resolved the question of whether it was proper for the court to permit the insured to recover his legal fees incurred in the declaratory judgment action:

"However, this action is in the nature of an action to recover damages for breach of contract. Legal fees incurred in the declaratory judgment action were damages arising directly as the result of the breach. We think that the injured party in an action of this kind ought to be permitted to recover whatever expenses he has been compelled to incur in asserting his rights, as a direct loss incident to the breach of contract. See, 7A Appleman, Insurance Law and Practice, § 4691."

Since *Morrison,* the Minnesota supreme court has classified the above proposition as an exception to the general rule against recovery of attorney's fees in the absence of statutory or policy provisions, and has expressly limited that exception to the facts of *Morrison.* In Abbey v. Farmers Insurance Exchange, 281 Minn. 113, 160 N.W.2d 709, 712, an insured brought an action against his insurer only to recover disability benefits. The court denied him recovery for the attorney's fees incurred in prosecuting his action, and made this comment about *Morrison:*

" * * * [I]n Morrison we held, as an exception to the general rule, that a party who is thrust into litigation with a third person by reason of a wrongful act of another in breach of contract may recover attorneys' fees incurred in such prior litigation in an action against the one who committed such wrongful act, * * *.

" * * * [T]he exception adopted in Morrison v. Swenson * * * is in fact limited to damages resulting from breach of contract by the insurer's failure to defend, * * *."

In Olsen v. Preferred Risk Mutual Insurance Company, 284 Minn. 498, 507, 170 N.W.2d 581, 587, the insured sought a declaratory decree adjudging a policy of automobile liability insurance issued by his insurer was in force and effect on the date the insured was involved in an accident; that plaintiff was entitled to coverage of protection pursuant to the terms of the policy; and he was entitled to recover his attorney's fees incurred in bringing the action. There was no personal injury suit filed against the insured.

The trial court held, *inter alia,* the insurer was indebted to the insured for his attorney's fees and costs incurred in bringing this action, although the policy was found to not have been in force on the date of the accident.

On the question of attorney's fees, the court stated the general rule that "one successfully maintaining an action on an insurance policy cannot recover attorney's fees unless the policy so provides or there is statutory authority therefor," cited *Abbey,* supra, and concludes as follows:

"We reach the conclusion that the circumstances here are similar to those presented in the Abbey case. There is no provision in the policy allowing recovery of attorney's fees. Plaintiff was not involved in any litigation with third parties. Therefore, the case at bar is clearly governed by the rule set forth in the Abbey case. Accordingly, plaintiff is not entitled to recover attorney's fees."

In Rent-A-Scooter, Inc. v. Universal Underwrit. Ins. Co., 285 Minn. 264, 267–268, 173 N.W.2d 9, 11–12, a man driving a motor scooter rented from the Rent-A-Scooter Corporation struck an automobile and injured a passenger. The injured passenger brought suit against the Rent-A-Scooter Corporation and obtained a default judgment. Rent-A-Scooter then filed a declaratory judgment action against its alleged insurer, seeking a declaration there was liability insurance coverage. Rent-A-Scooter prevailed in its declaratory judgment action and on a separate post trial motion obtained an award from the insurer for attorney's fees incurred in its declaratory judgment action. On the question of attorney's fees the court stated:

"Morrison was significantly limited, however, by our more recent decision in Abbey v. Farmers Ins. Exch., * * * [citing authority], where a judgment for plaintiff's attorneys' fees was reversed. The issue of awarding attorneys' fees there arose in a two-party action, an action by the insured against his insurer to recover disability payments, there being, therefore, no prior third-party action to have been defended by the insurer. Notwithstanding the fact that both Morrison and Abbey involve a claim for attorneys' fees in an action to determine policy coverage, we have treated Morrison as being a claim for damages resulting from breach of contract by the insurer's failure to defend, * * *."

"We hold that when an insured is compelled to defend himself in an action because his insurer has erroneously denied its obligation to defend him under its liability policy, the attorneys' fees incurred in the defense of that action may be awarded the insured as contract damages in a subsequent action against the insurer; but, absent statutory authority or specific provision in the insurance contract itself, the insured may not recover attorneys' fees incurred in an action against the insurer to establish coverage under an insurance policy. Because the plaintiff interposed no defense in the action against him, permitting the issue to be decided by default, there is no basis for an award to him to attorneys' fees."

Finally, in Nelson v. American Reliable Insurance Company, 286 Minn. 21, 29, 174 N.W.2d 126, 131, the Minnesota supreme court made this comment concerning the recovery of attorney's fees from an insurance company in a declaratory judgment action:

" * * * In the absence of statutory authorization or of a policy provision awarding attorneys' fees, they are not recoverable. An exception to this general rule is the case where an insurance company fails to defend against a third party. In such a case the insured may, in a subsequent action against the insurer, recover *attorneys' fees incurred in the third-party action.* Rent-A-Scooter, Inc. v. Universal Underwriters Ins. Co., 285 Minn. 264, 173 N.W.2d 9, filed December 5, 1969; 7A Appleman, Insurance Law and Practice, § 4691. There was no such third party in this case; only the insurance companies and the insured were involved." (Emphasis supplied).

Our reading of the Minnesota cases cited herein decided after *Morrison* leads to the conclusion the Minnesota court has limited the holding in *Morrison* to a statement of

the general rule. That is, when an insured is compelled to defend himself in an action because his insurer has erroneously denied its obligation to defend him under its liability policy, the attorney fees incurred in the defense of that action may be awarded the insured as contract damages in a subsequent action against the insurer. Although as thus limited it supports the court's allowance of a $295 fee to Mrs. Sankey for defense of the Mitchell action, we question whether the *Morrison* case is now persuasive authority for the allowance of $705 for fees incurred in the declaratory judgment action.

In the second case relied on by the trial court, Cohen v. American Home Assurance Co., supra, the insured brought a declaratory judgment action against the insurance company to determine to what extent coverage existed on the policy of insurance issued by the company to the insured.

While driving the insured's automobile, the insured's son was involved in a car accident. A suit was subsequently brought against both the insured and the estate of her son as a result of the accident. The insurer declined to defend either the insured or the administrator of her son's estate. The suit for declaratory judgment was then brought. The trial court held the insurer bound to defend the insured, but not responsible for the defense of the suit against the estate of her son.

On appeal, the court noted that a policy provision obligated the insurer to "reimburse the insured for all reasonable expenses, other than loss of earnings, incurred at the company's request." The court observed that several jurisdictions have held such a provision to be a basis for requiring the company to pay attorney's fees incurred in a declaratory judgment action.

The opinion also cites Morrison v. Swenson, supra, as support for the theory that "attorney's fees in the declaratory judgment action flow from the breach of the contract."

The trial court in the case before us found the following statement in *Cohen* particularly apropos:

"We find persuasive the comment made in 7A Appleman Insurance Law and Practice (1962), § 4691 where, after pointing to certain decisions holding that where an insurer failed to defend until after an adverse decision in a declaratory judgment action instituted by it, the insurer was not liable to pay the attorney's fees and expenses incurred by the insured in the declaratory judgment act 'in the absence of fraud, bad faith, or stubborn litigiousness on the part of the insurer' and the author went on to comment:

" 'But, despite the qualifications placed upon this rule by the court, it still appears to be unfair to the insured. After all, the insurer had contracted to defend the insured, and it failed to do so. It guessed wrong as to its duty, and should be compelled to bear the consequences thereof. If the rule laid down by these courts should be followed by other authorities, it would actually amount to permitting the insurer to do by indirection that which it could not do directly. That is, the insured has a contract right to have actions against him defended by the insurer, at its expense. If the insurer can force him into a declaratory judgment proceeding and, even though it loses in such action, compel him to bear the expense of such litigation, the insured is actually no better off financially than if he had never had the contract right mentioned above.' "

Maryland Casualty Co. v. Sammons, 63 Ga.App. 323, 326–327, 11 S.E.2d 89, 91–92, is frequently cited as authority for the rule of law criticized by Appleman that an insured is not entitled to recover attorney's fees connected with a declaratory judgment action. *Sammons,* however, does not categorically deny every insured recovery for his fees and expenses incurred in a declaratory judgment action brought by the insurer to determine its duty to defend or coverage under the policy. Rather, it re-

stricts recovery to those cases where the insured's claim is predicated upon the idea that the declaratory judgment action was "brought in bad faith or that the insurance company was stubbornly litigious." That is, the insurance company will be liable for the insured's attorney's fees only if it "acted in bad faith, or fraudulently, or had been stubbornly litigious. * * * [citing authorities]."

The Georgia courts continue to apply this standard enunciated in the *Sammons* opinion. In Fidelity and Casualty Company of New York v. Riley, 380 F.2d 153, 156 (5 Cir. 1967), the court of appeals denied the insured recovery of his attorney fees incurred in the defense of a declaratory judgment action brought by his insurer because there was no "showing of bad faith in filing the suit for declaratory judgment, or that the insurance company was stubbornly litigious. Maryland Casualty Co. v. Sammons, 1940, 63 Ga.App. 323, 11 S.E.2d 89. The proof here falls far short of such a showing."

In American States Ins. Co., Western Pac. Div. v. Walker, 26 Utah 2d 161, 486 P.2d 1042, 1044, where an insurer filed suit in a declaratory judgment action to determine its liability under a policy, the court, citing *Sammons*, held: "Before an award of attorney's fee could be made in the declaratory judgment action, it must appear that the insurance company acted in bad faith or fraudulently or was stubbornly litigious."

Following the quote from Appleman the *Cohen* court recognized that there was a decided split of authority on the subject and that the contra view was well expressed in Gerhardt v. Continental Ins. Cos., 48 N.J. 291, 225 A.2d 328.

After quoting at length from the *Gerhardt* opinion, the Maryland court proceeded to analyze other decisions considering the problem, some of which are based on statutes authorizing the award of counsel fees in certain cases. The opinion tells us such statutes have been enacted in Arkansas, Florida, Illinois, Kansas, Louisiana, Missouri, Nebraska, Oregon, South Dakota and Texas.

The opinion also quotes from Morrison v. Swenson for support.

■ The fundamental principle upon which the *Cohen* opinion is based appears to be that the rule for the measure of damages recoverable for breach of contract is such amount as may reasonably be considered as arising naturally from the breach of contract itself, or such as may reasonably be supposed to have been in the contemplation of the parties, at the time they made the contract, as the probable result of the breach of it. We have no quarrel with this rule.

The court concluded its opinion allowing fees for bringing the declaratory judgment action by pointing out that defendant, American Home Assurance Co., produced the current situation when it refused to defend its assured.

The court expressed its reason for this result in this language:

"* * * Accordingly, whether one speaks in terms of its having authorized the expenditure by its failure to defend or whether one speaks in terms of the attorney's fees for the declaratory judgment action being a part of the damages sustained by the insured by American Home's wrongful breach of the contract, we hold American Home bound to pay the fees incurred by Mrs. Brown in bringing the declaratory judgment action to establish that American Home had not done that which it had agreed with her to do." Loc. cit. 255 Md. at 363, 258 A.2d at 239.

As stated, we recognize the rule upon which the *Cohen* decision is based as a correct statement of the law but disagree

with its application to the facts. That is, whether a claim for attorney fees incurred in a declaratory judgment action to establish coverage under a liability insurance policy may reasonably be considered as arising naturally from the breach of the contract to defend.

A reading of the decisions cited herein will lead to additional authorities bearing on the problem before us.

■ We are convinced the true rule should be that an insurer who refuses, contrary to its contractual obligation, to defend a third-party action against its insured on the ground the policy involved affords no coverage is liable for attorney fees incurred by the insured in defense of the action brought against him. But, this general rule does not serve to sustain an award for expenses incurred in an action to establish insurance coverage unless there is a showing made in the declaratory judgment action that the insurance company has acted in "bad faith or fraudulently or was stubbornly litigious." There was no such showing in the record before us. See in support Johnson v. General Mutual Insurance Company, 24 N.Y.2d 42, 298 N.Y.S.2d 937, 941, 246 N.E.2d 713, 716.

It follows the trial court erred in allowing Mrs. Sankey a $705 fee for the defense of the declaratory judgment action.

The case is therefore—Affirmed in part, reversed in part, and remanded with directions to enter judgment in accordance with this opinion.

Costs on this appeal shall be taxed 50 percent to plaintiff and 50 percent to Carolyne Marie Sankey.

All Justices concur except McCORMICK, J., who takes no part.