## H. L. ABBEY v. FARMERS INSURANCE EXCHANGE.

160 N. W. (2d) 709.

July 26, 1968—No. 41,137.

114

*Rider, Bennett, Egan, Johnson & Arundel, Stuart W. Rider, Jr.,* and *Dayton E. Soby,* for appellant.

*O. C. Adamson II,* for respondent.

Heard before Knutson, C. J., and Nelson, Murphy, Otis, and Frank T. Gallagher, JJ.

NELSON, JUSTICE.

In this action plaintiff sought recovery of "Guaranteed Flight Pay" under a policy of insurance issued by defendant. After the Federal Aviation Agency did not renew plaintiff's medical certificate, required of all commercial pilots, he submitted a claim for benefits by reason of this disability. Since his claim was denied, this action followed. Defendant in its answer to plaintiff's complaint alleged that the contract of insurance had been induced by three fraudulent misrepresentations contained in plaintiff's application for insurance.

The action was commenced February 18, 1965. On September 23, 1966, plaintiff amended his complaint seeking recovery of "reasonable attorney's fees and costs necessarily incurred in the prosecution of this action" in addition to recovery of benefits provided in the insurance contract.

Conflicting testimony was introduced on the issue of fraud. Plaintiff's counsel then testified over objection of defendant as to the reasonable value of his and his associate's services. Upon the submission of the case to the jury, the trial court directed them to determine the reasonable value of plaintiff's attorneys' fees in the event it returned a verdict in favor of plaintiff, reserving for later ruling the question of whether plaintiff was or was not entitled to recovery of attorneys' fees in this action for breach of plaintiff's insurance contract. The jury returned a verdict in plaintiff's favor and determined the reasonable value of his attorneys' fees to be $4,500.

The usual post-trial motion for judgment n. o. v. or a new trial was

filed by defendant, together with an additional alternative motion for a determination that the amount of plaintiff's recovery be limited to the insurance benefits provided in the policy, plus interest. Plaintiff countered with a motion that the amount of his recovery be determined to include $4,500 for his legal expenses. The trial court denied defendant's motions and granted plaintiff's motion, ordering entry of judgment in his favor for $11,113.55 (the amount due under the terms of the insurance policy, including interest to the date of the verdict) and the additional amount of $4,500 for attorneys' fees. Judgment was thereafter entered, and defendant appealed from that part of the judgment directing that plaintiff recover $4,500 for legal fees. Following this, plaintiff served a notice of review under Minn. St. 605.065 on the ground that in the event of an affirmance on defendant's appeal plaintiff will be adversely affected because the trial court's order does not contain an award to plaintiff of attorneys' fees incurred in the post-trial proceedings nor for fees incurred on the appeal to this court.

Thus, in this action for breach of an insurance contract to recover disability benefits, the question on appeal is whether the insured who prevails in the action is entitled to recover attorneys' fees incurred in that action.

In Rumsey Mfg. Corp. v. United States Hoffman M. Corp. (2 Cir.) 187 F. (2d) 927, 932, Judge Learned Hand, speaking for the court, stated:

"* * * It seems hardly necessary to labor the argument that at common law a promisee may not recover for any part of his expenses in preparing for trial, whether these be what he pays his accountants, his experts or his lawyers."

The general rule on the right to recover attorneys' fees and costs in a suit to recover benefits under an insurance policy is stated in 16 Couch, Insurance (2d) § 58:113:

"As a general rule, and apart from special contract provisions, express statutory authorization of the recovery of the attorneys' fees is required, for in the absence of a statute allowing it, one successfully maintaining an action on an insurance policy is not entitled to recover his attorneys'

fees. And this is true even though the insurer has acted fraudulently or maliciously."

This same view is expressed in Fazzino v. Insurance Co. of North America, 152 Cal. App. (2d) 304, 313 P. (2d) 178. In that case a suit was brought against an insurer for declaratory relief and for damages for breach of an insurance and indemnity contract. The court held that the insured was entitled to recover the cost of defending himself in an action in which the insurer had refused to defend him, but further held (152 Cal. App. [2d] 309, 313 P. [2d] 181):

"* * * [P]laintiffs are not entitled to attorney's fees in the bringing of this action. There is neither statutory authority nor any provision in the policy which would justify allowing such fees."

While a number of states have provided by statute for recovery of attorneys' fees as well as penalties where the insurer fails to pay a loss under a policy, the criteria used in these statutes differ from one state to the next. As a general rule, however, these penalties and attorneys' fees are not assessed against an insurer unless it appears that payment was withheld unreasonably or that the insurer did not have reasonable grounds to believe that it had a meritorious defense to the insured's claim for benefits. 3 Appleman, Insurance Law and Practice, § 1611.

Although New York appears to have no statutory penalty or provision for attorneys' fees in a suit by an insured against an insurer for benefits under a policy, the case of Sukup v. State, 19 N. Y. (2d) 519, 281 N. Y. S. (2d) 28, 227 N. E. (2d) 842, indicates that the New York court might, in a proper case, apply a rule similar to those of states which have such statutory provisions. There the court held (19 N. Y. [2d] 522, 281 N. Y. S. [2d] 28, 227 N. E. [2d] 844):

"It is equally well settled that an insured cannot recover his legal expenses in a controversy with a carrier over coverage, even though the carrier loses the controversy and is held responsible for the risk [citations omitted].

"It would require more than an arguable difference of opinion between carrier and insured over coverage to impose an extracontractual liability

for legal expenses in a controversy of this kind. It would require a showing of such bad faith in denying coverage that no reasonable carrier would, under the given facts, be expected to assert it."

The court went on to hold that no bad faith was present.

In this case, since there is neither statutory authority nor any provision in the policy which would justify holding that plaintiff was entitled to recover his attorneys' fees, the court erred in so holding.

■ This court has passed on the recovery of attorneys' fees and costs in a suit against an insurer to recover benefits under a policy of insurance where the insurer denied liability and a declaratory action was brought to determine the issue. It held in Morrison v. Swenson, 274 Minn. 127, 142 N. W. (2d) 640, that the alleged insured, if successful in the action, was entitled to recover all expenses caused by the insurer's breach of contract. We said there (274 Minn. 137, 142 N. W. [2d] 647):

"The only other question remaining is whether it was proper for the court to permit plaintiff to recover his legal fees incurred in the declaratory judgment action, although the general rule is that the legal fees are ordinarily not recoverable unless there is statutory authority for it. Dworsky v. Vermes Credit Jewelry, Inc. 244 Minn. 62, 69 N. W. (2d) 118; Smith v. Chaffee, 181 Minn. 322, 232 N. W. 515; Stickney v. Goward, 161 Minn. 457, 201 N. W. 630, 39 A. L. R. 1216.

"However, this action is in the nature of an action to recover damages for breach of contract. Legal fees incurred in the declaratory judgment action were damages arising directly as the result of the breach. We think that the injured party in an action of this kind ought to be permitted to recover whatever expenses he has been compelled to incur in asserting his rights, as a direct loss incident to the breach of contract. See, 7A Appleman, Insurance Law and Practice, § 4691."

Dworsky v. Vermes Credit Jewelry, Inc. 244 Minn. 62, 69 N. W. (2d) 118, was an action in which plaintiffs, partners in an insurance agency, sought to recover the balance due on a premium for an all-risk comprehensive insurance policy, in which action defendant claimed that the policy was illegal and counterclaimed for the amount already paid thereon and for damages sustained by it in prosecuting an action against the in-

surer on said policy. After findings for defendant, plaintiffs appealed from the judgment entered and this court reversed, saying (244 Minn. 63, 69 N. W. [2d] 119):

"Where the wrongful act of the defendant thrusts the plaintiff into litigation with a third person, the plaintiff may recover from the defendant the expenses incurred in conducting the litigation against the third party, including attorneys' fees. *Held*, that no wrongful act was shown in the instant case which would justify application of the foregoing rule against the insurance agency."

In 7A Appleman, Insurance Law and Practice, § 4691, in commenting on the duties of an insurer, it is stated:

"Where an insurer failed to defend until after an adverse decision in a declaratory judgment action instituted by it, such insurer was held not liable to pay the attorneys' fees and expenses incurred by the insured in the declaratory judgment action, in the absence of fraud, bad faith, or stubborn litigiousness on the part of the insurer. But, despite the qualifications placed upon this rule by the court, it still appears to be unfair to the insured. After all, the insurer had contracted to defend the insured, and it failed to do so. It guessed wrong as to its duty, and should be compelled to bear the consequences thereof. If the rule laid down by these courts should be followed by other authorities, it would actually amount to permitting the insurer to do by indirection that which it could not do directly. That is, the insured has a contract right to have actions against him defended by the insurer, at its expense. If the insurer can force him into a declaratory judgment proceeding and, even though it loses in such action, compel him to bear the expense of such litigation, the insured is actually no better off financially than if he had never had the contract right mentioned above.

"Other courts have refused to impose such a burden upon the insured."

See, 7A Appleman, Insurance Law and Practice, notes 67 and 68, pp. 512, 513.

It is clear that the court below adopted the rule stated in the Morrison case. However, this court limited the rule established in that case to the

situation presented therein and made it clear that it recognized the general rule that ordinarily attorneys' fees are not recoverable unless there is statutory authority for it. While in Morrison we held, as an exception to the general rule, that a party who is thrust into litigation with a third person by reason of a wrongful act of another in breach of contract may recover attorneys' fees incurred in such prior litigation in an action against the one who committed such wrongful act, this court again later affirmed the general rule that attorneys' fees are allowed only when authorized by statute or provided for in the contract. See, Grodzicki v. Quast, 276 Minn. 34, 149 N. W. (2d) 8.

The question here is whether an insured who prevails in an action to recover disability benefits is also entitled to recover attorneys' fees incurred in that action. Since the exception adopted in Morrison v. Swenson, *supra,* is in fact limited to damages resulting from breach of contract by the insurer's failure to defend, it does not apply and this case must be governed by the general rule.

Thus, that part of the judgment entered in the court below granting attorneys' fees to plaintiff must be reversed.

Reversed.