John R. HAARSTAD, judgment
creditor, Respondent,

v.

Brian GRAFF, Defendant and
Judgment Debtor,

v.

STATE FARM FIRE AND CASUALTY
COMPANY, Garnishee, Appellant.

Nos. C4–93–308, C9–93–546.

Court of Appeals of Minnesota.

Sept. 28, 1993.

Review Granted Nov. 30, 1993.

William M. Hart, Richard L. Pemberton, Jr., Michael D. Hutchens, Meagher & Geer, Minneapolis, for appellant.

## OPINION

DAVIES, Judge.

Garnishee insurer challenges the trial court's ruling that the policy's intentional acts exclusion did not apply and that the insurer was, therefore, obligated to both defend and indemnify the insured tortfeasor. We hold there was an obligation to defend, but reverse on the issue of indemnification. We remand for a recalculation of attorney fees.

## FACTS

Brian Graff and Becky Schumacker had dated seriously in 1986–87. Graff contends they resumed a serious relationship in 1988 and that by July 5, 1988, he thought of Schumacker as his future wife.

That day Graff arrived unannounced at Schumacker's home around 4 a.m. When no one answered the front door, Graff pounded on the bedroom window. Schumacker soon opened the front door—after respondent John Haarstad had hidden in a spare bedroom.

According to Graff, he went to the bathroom after speaking with Schumacker for a time. As he left the bathroom, he saw a pair of men's shorts on the floor of Schumacker's bedroom. Graff then opened the closed door of the spare bedroom where he found Haarstad sitting naked. Graff admitted he then hit Haarstad two or three times in the face with a closed fist, breaking Haarstad's jaw in two places.

Graff was insured by State Farm Fire and Casualty Insurance Company ("State Farm") under his brother's homeowner's policy. In July 1990, State Farm notified Graff that it was denying coverage on his liability for Haarstad's injury because of the policy's exclusion clause, which read:

[Coverage does not] apply to:

H. Morrison Kershner, Pemberton, Sorlie, Sefkow, Rufer & Kershner, Fergus Falls, for respondent.

a. bodily injury or property damage:

(1) which is either expected or intended by an insured; or

(2) to any person or property which is the result of willful and malicious acts of an insured.

In April 1991, Graff agreed in a *Miller–Shugart* settlement to entry of judgment against him in the amount of $30,000, with Haarstad to collect only out of Graff's State Farm coverage. Graff also assigned to Haarstad

any and all right he may have against State Farm Fire and Casualty Insurance Company, including but not limited to any claims for breach of contract for failing to defend and indemnify in the present action.

After judgment reflecting this settlement was entered against Graff, Haarstad amended the complaint to seek: (1) a determination that State Farm was obligated to defend Graff, (2) judgment for the cost of that defense assumed by Graff and assigned to Haarstad, (3) a determination that State Farm was obligated to indemnify Graff, (4) judgment against State Farm as garnishee in the amount of the indemnification obligation ($30,000), and (5) attorney fees in this action.

Following a one-day trial, the jury answered "No" to the following special verdict question: "Did Brian Graff expect or intend to cause the resulting injuries John Haarstad received on July 5, 1988?" The trial court, based on this jury response, entered judgment against State Farm, declaring that the insurance policy's intentional acts exclusion did not apply, that State Farm was obligated to both defend and indemnify Graff, that State Farm's refusal to do so constituted breach of contract, and that the *Miller–Shugart* settlement was reasonable. The court awarded Haarstad $30,000, plus the amount owed to Graff for his defense ($2,109.90), plus Haarstad's attorney fees for pursuing the declaratory judgment claim and the garnishment claim ($10,624.50). It denied State Farm's motions for JNOV or, in the alternative, for a new trial.

State Farm appeals.

## ISSUES

I. Did the trial court err in ruling State Farm was obligated to defend Graff?

II. Did the trial court err in ruling State Farm was obligated to indemnify Graff?

III. Did the trial court err in awarding Haarstad, as Graff's assignee, attorney fees incurred by Graff in defending the negligence action, and those fees which Haarstad himself expended in this action?

## ANALYSIS

### I. Duty to Defend

■ An insurer has a legal duty to defend "where any part of the claim is arguably within the scope of policy coverage." *Economy Fire & Casualty Co. v. Iverson*, 445 N.W.2d 824, 826 (Minn.1989) (complaint alleged negligence, "which, if proven, would, even under [insurer's] interpretation of the policy, constitute an 'occurrence' and would fall within the scope of [insured's] policy coverage").

■ Here, too, the initial complaint alleges negligence. Under the policy, State Farm agrees to defend an insured for bodily injury caused by "an occurrence," which the policy defines as "an accident." As in *Iverson*, if Graff's conduct was in fact negligent, it would constitute an occurrence and therefore come within the scope of coverage. Moreover, a negligent act does not fall within the policy's exclusion clause since it is neither intentional nor willful and malicious. Thus, as a matter of law, State Farm had a duty to defend Graff against Haarstad's negligence action.

### II. Duty to Indemnify

■ Although the insurer must defend where the complaint alleges a cause of action within policy coverage, the insurer may later contest the duty to indemnify "based on facts developed at trial." *Iverson*, 445 N.W.2d at 826. In *Iverson*, for example, the insurer had no duty to indemnify because of the jury's finding of an intent to injure, which intent triggered the policy's exclusion clause. *Id.* at 827. Intent to inflict injury may be shown "when the character of an act is such

that an intention to inflict injury can be inferred as a matter of law." *Woida v. North Star Mut. Ins. Co.*, 306 N.W.2d 570, 573 (Minn.1981).

■ State Farm argues that the issue of whether the intentional acts exclusion applies never should have reached the jury, but should have been determined in its favor as a matter of law. Because this was not done, State Farm contests the trial court's denial of its motion for a judgment notwithstanding the verdict or, in the alternative, for a new trial.

■ Whether the trial court erred in denying a motion for JNOV presents a question of law subject to de novo review. *Huyen v. Driscoll*, 479 N.W.2d 76, 78 (Minn.App.1991), *pet. for rev. denied* (Minn. Feb. 10, 1992). According to this court, "JNOV is proper when the findings of the jury are contrary to applicable law." *Id.*

■ Haarstad, on the other hand, contends Graff's actions do not fall within the intentional acts exclusion because they constitute "reflexive acts." When intent is in doubt because the insured may have acted instinctively or reflexively, "the question of intent [is] properly presented to the jury." *Farmers Ins. Exch. v. Sipple*, 255 N.W.2d 373, 377 (Minn.1977) (issue properly went to jury where insured testified to instinctively striking the plaintiff who had come toward him in a menacing manner during an argument); *see also Brown v. State Auto. & Casualty Underwriters*, 293 N.W.2d 822, 824–25 (Minn.1980) (intentional acts exclusion did not apply as a matter of law where insured struck airport employee immediately after insured's hand was cut during the employee's attempt to pull luggage from insured's hand).

State Farm, however, correctly cites *Economy Fire & Casualty Ins. Co. v. Meyer*, 427 N.W.2d 742 (Minn.App.1988), as controlling precedent. In that case, the insured, having arrived unannounced at his girlfriend's house, found a man in her bed. Explaining that he had gone "nuts," the insured went to the kitchen and grabbed some utensils with which he then attacked the man. *Id.* at 742–43. There, this court found that the insured's conduct "may have been instinctive or impulsive but was neither a sudden nor a reflexive nor defensive reaction." *Id.* at 745. We also noted the trial court finding that, as a matter of public policy, such "frontier justice" was not the type of activity an insured "could reasonably expect to be covered by insurance." *Id.* at 743.

In this case, too, the act of seeking out Haarstad cannot be viewed as reflexive or defensive, or consistent with public policy. Upon seeing the shorts in Schumacker's bedroom, Graff chose to investigate further, and then to strike Haarstad repeatedly. Thus, the intentional acts exclusion applies here *as a matter of law*. We hold, therefore, that on the obligation to indemnify, State Farm is entitled to judgment notwithstanding the verdict.[1]

■ We further note that, in addition to incorrectly submitting to the jury the issue of whether Graff's acts were intentional, the special verdict question and its accompanying instruction were clearly erroneous. The following instruction accompanied the special verdict question:

> State Farm's insurance policy does not provide liability insurance coverage for injuries which are expected or intended. * * * [I]njuries are not expected or intended when the actions of the insured were intended but the resultant harm was not. In this case, you must determine if Brian Graff expected or intended the resulting injuries received by John Haarstad on July 5 of 1988.

> Under Minnesota law,

> if an intent to inflict injury is found, the exclusion applies regardless of whether the actual injury is more severe or of a different nature than the injury intended.

*Woida*, 306 N.W.2d at 573 (citing *Iowa Kemper Ins. Co. v. Stone*, 269 N.W.2d 885, 887 (Minn.1978)).

Graff's conduct does not constitute an occurrence within the meaning of the policy's inclusion clause.

---

1. Because of our ruling that the intentional acts exclusion applies to the obligation to indemnify, we need not address State Farm's argument that

Given our holding that JNOV is appropriate here, we need not determine whether the court erred in denying State Farm's motion in the alternative for a new trial.

### III. Attorney Fees

State Farm challenges the award of attorney fees to Haarstad, the judgment creditor, arguing in part that the policy prohibits any assignment of interests.

 Generally, attorney fees may only be recovered where there is contractual or statutory authority. *Garrick v. Northland Ins. Co.*, 469 N.W.2d 709, 713 (Minn.1991). The Minnesota Supreme Court, however, allows recovery of attorney fees

> incurred in a declaratory judgment action brought to determine if the insurer was required to defend the insured against a third-party personal injury action.

*Id.* (citing *Morrison v. Swenson*, 274 Minn. 127, 138, 142 N.W.2d 640, 647 (1966)). This right to recover fees is based on an insurer's contractual obligation to defend an insured. *Id.* To recover attorney fees, however, the insured must have been forced to defend against a third-party tort action. *Lanoue v. Fireman's Fund Am. Ins. Cos.*, 278 N.W.2d 49, 55 (Minn.1979); *Abbey v. Farmers Ins. Exch.*, 281 Minn. 113, 119, 160 N.W.2d 709, 712 (1968).

And in *Alton M. Johnson Co. v. M.A.I. Co.*, 451 N.W.2d 651, 656 (Minn.App.1990), *rev'd in part on other grounds*, 463 N.W.2d 277 (Minn.1990), this court rejected the insurer's argument that the judgment creditor was not entitled to attorney fees under the *Miller–Shugart* agreement because of the policy's express prohibition against the assignment of interests:

> [T]his is not an assignment of an interest prior to loss * * *. [W]hat was assigned was the judgment debtors' breach of contract action for failure to defend and indemnify.

*Id.* 451 N.W.2d at 656.

In that case, we held that the judgment creditor was entitled to attorney fees *both* as the insured's assignee *and* as a judgment creditor "in defending against [the insurer's] denial of coverage." *Id.* It is important to note, however, that in *Alton M. Johnson* we affirmed the trial court's denial of attorney fees incurred because of the garnishment proceedings; only legal fees stemming from breach of the contractual duty to defend were allowed. *Id.* The garnishment proceeding is the action of a creditor, not the action of an insured or insured's assignee.

 In this case, since State Farm had a duty to defend Graff in the negligence action, the trial court properly granted Haarstad, *as Graff's assignee*, $2,109.90 in legal fees incurred by Graff in defending against that action.

In addition, Haarstad is also entitled to those legal fees which he expended in Graff's place for the declaratory judgment portion of this action. Haarstad may not, however, recover fees involved solely in obtaining an order for garnishment of the $30,000. We remand this issue so that the trial court may distinguish those legal fees expended in the declaratory judgment part of the action from those used strictly for obtaining garnishment.

### DECISION

State Farm had a duty to defend Graff in the negligence action. As for the indemnification obligation, however, the trial court erred in denying State Farm's motion for JNOV because Graff's conduct falls as a matter of law within the policy's intentional acts exclusion. Under the *Miller–Shugart* agreement, Haarstad is entitled to legal fees incurred by Graff in his own defense and to those Haarstad himself incurred in establishing State Farm's duty to defend Graff. Haarstad is not entitled to the fees used strictly to effect garnishment.

**Affirmed in part, reversed in part, and remanded.**